# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SCOTT COLLINS, <br><br> Plaintiff, <br><br> v. <br><br> OFFICER ROTI, OFFICER NIEWOLD, and VILLAGE OF DOWNERS GROVE, <br><br> Defendants. | No. 13 CV 4888 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff Scott Collins filed a four-count complaint against Defendants Officer Roti, Officer Niewold, and the Village of Downers Grove alleging violations of 42 U.S.C. § 1983, 28 U.S.C. § 1367, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. Currently before the court is Defendants' motion to dismiss Plaintiff's Complaint for failure to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, Defendants' motion to dismiss is granted in its entirety.

## I. BACKGROUND

On July 6, 2012, while driving through Downers Grove, Collins was stopped by Officers Roti and Niewold. During the stop, Community Service Officer Lilly arrived on the scene, approached the curbed vehicle, and stood next to the passenger door of Collins' car. At all material times, Officers Roti, Niewold, and Lilly were employed as police officers by the Village of Downers Grove.

Officers Roti and Niewold placed Collins under arrest. Collins was helped out of his car and taken to the police station. At the police station, Officer Roti questioned Collins and

1

informed Collins that he was charged with drinking under the influence of alcohol, speeding, operating an uninsured vehicle, and aggravated battery.

Collins asked Officer Roti why he was being charged with aggravated battery, and Officer Roti responded that it was because Collins had punched her in the face. Officer Niewold told the prosecutor that Collins had punched Officer Roti. The prosecutor dismissed the charges of drinking under the influence of alcohol, speeding, and driving without insurance, but sought an indictment against Collins for felony aggravated battery. Officer Roti, we are required to assume at dismissal stage, testified falsely before a grand jury that Collins punched her on the left side of her face, causing swelling. Based solely on Officer Roti's testimony, the grand jury indicted Collins for felony aggravated battery.

Collins spent the night in the county jail and the next day had a hearing at which the judge set a $75,000 bond. Collins attempted to post bail, but due to paperwork allegedly misplaced by Defendants or unknown Defendants, Collins was forced to spend another night at the county jail—this time in a unit reserved for those accused of violent felonies. Because of the felony charge against Collins, Collins faced a potential sentence of seven years in a maximum security prison, as well as decreased employment opportunities upon release. To fight this charge, Collins hired a criminal defense attorney. Shortly before trial, the prosecution dismissed the indicted charge of aggravated battery against a police officer. As a result of Officers Roti and Niewold's behavior, Collins suffered anxiety, fear, anger, depression, and humiliation.

Plaintiff Collins' Complaint, under Count I and Count II, respectively, asserts a due process claim against Defendants Roti and Niewold under 42 U.S.C. 1983. Plaintiff also claims intentional infliction of emotional distress under Illinois state law against Defendants Roti and

Niewold.  Plaintiff brings Count IV against Defendants Roti, Niewold, and the Village of Downers Grove for payment and judgment under 745 ILCS 10/9-102.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Notice pleading remains the standard under Rule 8, and heightened fact pleading is not required to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Notice pleading requires that a complaint contain more than bare legal conclusions.  The allegations of a complaint must "state a claim to relief that is plausible on its face." *Id.* at 570.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. ANALYSIS

Plaintiff claims that his due process rights were violated under 42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth Amendments of the Constitution when Officer Roti and Niewold falsely claimed that Plaintiff had punched Officer Roti on the left side of her face, first through Officer Niewold's statement to the prosecutor and then Officer Roti's grand jury testimony. Plaintiff alleges that Defendants' false statements led to Plaintiff being detained, indicted by a grand jury for aggravated battery, and prosecuted for a felony charge, in violation of his constitutional right to due process and caused intentional infliction of emotional distress. Defendants contend that Plaintiff's allegations are insufficient to maintain any cause of action in federal court and must be dismissed.

A. Due process under 42 U.S.C. § 1983

   *1. Substantive Due Process*

The Due Process Clause of the Fourteenth Amendment states "[n]o state shall…deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Due Process Clause confers both procedural and substantive rights. An individual may be afforded a substantive due process claim for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory." 42 U.S.C. § 1983.

While § 1983 does not confer substantive due process rights in and of itself, it instead provides a mechanism by which one is able to defend federal rights conferred elsewhere in the Constitution. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). The Supreme Court has emphasized that "[t]he very purpose of § 1983 was to interpose the federal courts between the States and people, as guardians of the people's federal rights—to protect the people from unconstitutional action under color of state law." *Mitchum v. Foster*, 407 U.S. 225, 242 (1972) (internal quotation marks and citation omitted). However, where a particular Amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Graham v. Connor,* 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989). Similarly, where a state law remedy exists, due process of law is usually afforded by the opportunity to pursue a claim in state courts. *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981); *Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001).

To state a claim for a substantive violation of due process under 42 U.S.C. § 1983, Plaintiff must allege: (1) that the action occurred "under color of law" and (2) the action is a

deprivation of a constitutional right or a federal statutory right. *Parratt*, 451 U.S. at 535; *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). There is no dispute that Defendants were state government officials and their actions, even if contrary to state law, were actions taken "under color of law." The key step, then, is to identify the specific constitutional right allegedly infringed. *Graham,* 490 U.S. at 394; *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692 (1979).

Plaintiff has alleged that the presumed false statements of Officer Roti before the grand jury and Officer Niewold to the prosecutor, both of which furthered prosecution of the aggravated battery charge against Plaintiff, infringed his right to due process of law. Plaintiff, however, has not identified a constitutional right or federal statutory right that has been violated by Defendants' false statements. Regardless of whether Plaintiff has a state law claim against Defendants, Plaintiff has failed to identify a protected right sufficient to state a claim for a substantive violation of due process under § 1983.

   *2.     Procedural Due Process*

Due process requires that "a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case,'" *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). So, it is not the deprivation itself that is actionable, but only the deprivation of a constitutionally protected right without the requisite, or due, process of law. *Id*.; *Baker v. McCollan*, 443 U.S. at 145. Under *Brady v. Maryland*, due process is violated when: (1) the evidence at issue is favorable to the accused, either being exculpatory or impeaching; (2) the evidence at issue was suppressed by the government, either willfully or inadvertently; and (3) the evidence at issue is material to an issue at trial. 373 U.S. 83 (1963); *Carvajal v. Dominguez*, 542 F.3d 561, 566-67 (7th Cir. 2008).

As a threshold matter, Plaintiff's claim fails because it does not arise from suppression of evidence at trial, but from actions alleged *before* trial in the indictment and prosecution phases. *Brady* does not require pretrial disclosure and only demands that the disclosure does not come "so late as to prevent the defendant from receiving a fair trial." *U.S. v. Grintjes*, 237 F.3d 876, 880 (7th Cir.2001). Defendants are correct in arguing that Plaintiff cannot state a claim for a violation of procedural due process based on allegations that Defendants used fabricated evidence—Defendants' false statements—to prosecute a case that was dismissed before trial. Plaintiff's claim has failed to state a claim for a deprivation of procedural due process under § 1983.

3. *Absolute Immunity under § 1983 for Testifying Witnesses*

Assuming *arguendo* that Plaintiff had a cause of action for a violation of due process under § 1983, Defendant Roti would nonetheless be immune from liability for charges alleged in Count I. Count I contains allegations that Defendant Roti violated Plaintiff's due process rights by making false allegations against Plaintiff in his grand jury testimony, resulting in Plaintiff's indictment by a grand jury. The Supreme Court of the United States has held that witnesses giving testimony at trial are provided absolute immunity from liability for damages under § 1983. *Briscoe v. LaHue,* 460 U.S. 325, 346, 103 S. Ct. 1108, 75 L. Ed. 2d 96 (1983). In *Rehberg v. Paulk*, the Court extended this immunity in its entirety to witnesses testifying in grand jury proceedings. 132 S.Ct. 1497, 1510, 182 L.Ed.2d 593 (2012). This absolute immunity extends so far as to shield a testifying witness completely against § 1983 actions for damages resulting from even perjured testimony. *Briscoe v. LaHue,* 460 U.S. 325, 346, 103 S. Ct. 1108, 75 L. Ed. 2d 96 (1983). Accordingly, Defendant Roti is absolutely immune from liability resulting from his testimony in Plaintiff's grand jury proceeding.

As Plaintiff has failed to state a claim for a violation of due process under § 1983, I now dismiss Counts I and II of Plaintiff's Complaint.

B.  Intentional Infliction of Emotional Distress

Plaintiff also alleges that Defendant intentionally engaged in extreme and outrageous behavior against Plaintiff amounting to a claim for intentional infliction of emotional distress under Illinois law. Having dismissed Plaintiff's federal claims, I decline to exercise supplemental jurisdiction over Plaintiff's two remaining state law claims contained in Counts III and IV. 28 U.S.C.A. § 1367(c)(3); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial"). I now dismiss Counts III and IV of Plaintiff's Complaint.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted in its entirety.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: February 24, 2014